UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE W. REESE, | : |
| Plaintiff, | : Civ. No. 25-00742 (CCC) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| GILYARD, et al., | : |
| Defendants. | : |

*Pro se* plaintiff Lawrence W. Reese ("Plaintiff"), an inmate at FCI Fort Dix, seeks to commence a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1). For the reasons stated below, the Court will administratively terminate this matter.

By way of background, Plaintiff had filed his complaint on January 27, 2025, but did not pay the required filing fee or submit a completed *in forma pauperis* ("IFP") application. (ECF No. 1). Accordingly, this Court administratively terminated this matter until Plaintiff pays the fee or submits a completed IFP application. (ECF No. 2). Now, Plaintiff has submitted a letter seeking to re-open this matter and has paid a $5 filing fee. (ECF No. 3).

Plaintiff's filing fee, however, is deficient. A prisoner seeking to commence a civil rights action – of which this case is – must submit a $350 filing fee and a $55 administrative fee. *See Hagan v. Rogers*, 570 f3d 146 (3d Cir. 2009). Alternatively, a prisoner seeking to commence a civil rights action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28

U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

Here, Plaintiff has not paid the required filing fee for a civil rights case, nor submitted a completed IFP application. Accordingly, the Court will administratively terminate Plaintiff's complaint without prejudice. If Plaintiff pays the appropriate filing fee or provides the Court with a completed IFP application, which includes certified account statements covering the six-month period prior to the date he filed his complaint, he may request that his case be reopened.

Whether the matter proceeds IFP or Plaintiff pays the filing fee and sues a government official or employee, the Court must screen Plaintiff's complaint and dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee is not refunded. If Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, **IT IS** on this 26th day of September 2025

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for purposes of this order only; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. This is not a "dismissal" for purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed IFP application, including a legible certified six-month prison account statement, or (2) the $405 fee (which includes a $350 filing fee and a $55 administrative fee); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (DNJ-Pro Se-007-A-[Rev.12/2020]) upon Plaintiff by regular U.S. mail.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
United States District Judge